1   SHOOK, HARDY & BACON L.L.P.
    Gabriel S. Spooner (SBN:  263010)
2   gspooner@shb.com
    Jamboree Center
3   5 Park Plaza, Suite 1600
    Irvine, California  92614-2546
4   Telephone:  949-475-1500
    Facsimile:   949-475-0016
5
    Attorneys for Defendant
6   ADT LLC, incorrectly named as
    THE ADT SECURITY CORPORATION
7

8                   UNITED STATE DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11
    JUNITA CASTANON-GAMBOA, d/b/a  )  Case No.:  2:22-cv-07884 FMO (Ex)
12  JUNITA FLOWERS AND BOTANICS,   )  District Judge:  Hon. Fernando M.
                                   )  Olguin
13              Plaintiff,         )
                                   )
14          vs.                    )
                                   )  **ADT LLC'S NOTICE OF MOTION**
15  THE ADT SECURITY CORPORATION;  )  **TO DISMISS; MEMORANDUM**
    AMERICA'S SECURITY; and DOES 1- )  **AND POINTS OF AUTHORITIES**
16  20,                            )
                                   )  **Date:   December 8, 2022**
17              Defendants.        )  **Time:  10:00 a.m.**
                                   )  **Dept:  6D**
18                                 )
                                   )  Complaint filed:    02/02/2022
19  _____  )  Trial date:

20       PLEASE TAKE NOTICE that on December 8, 2022, at 10:00 a.m., or as soon

21  thereafter as counsel may be heard in Dept. 6D of the above-titled Court, at 350 W.

22  1st Street, 6th Floor, Courtroom 6D, Los Angeles, California,  Defendant ADT LLC

23  ("ADT"), will, and hereby does, move to dismiss Plaintiff's Complaint with prejudice

24  pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is made on the

25  following grounds, more fully discussed in ADT's Memorandum of Points and

26  Authorities.

27       •   The Contract's risk allocation provisions bar this suit entirely or,

28           alternatively, limits recoverable damages to $500.

                                              ADT LLC'S NOTICE AND MOTION TO DISMISS
4869-6129-1323

- Plaintiff's warranty claims fail because the Contract expressly disclaims all warranties except those expressly provided under the Contract.

- Plaintiff's negligence and intentional tort claims are premised solely on ADT's alleged failure to perform its contractual promises. Because no independent, common-law tort duty exists, Plaintiff's tort claims fail as a matter of law.

- Plaintiff's products liability claim independently fails because ADT merely provided a service—alarm and monitoring services—not a product. Leased alarm components and monitoring services are not products, and thus Plaintiff has no support for any products liability claims.

- Finally, the exemplary damages claim fails as a matter of law because Plaintiff alleges nothing more than a breach of ADT's duties under the Contract, for which punitive damages remain unavailable.

This motion is based on the pleadings on file herein; the following Memorandum of Points and Authorities; such matters of which this Court may take judicial notice; and such further evidence and argument as may be presented at the hearing, if any, on the Motion.

This motion is made following the counsel of conference pursuant to L.R. 7-3, initially took place while the case was pending in the state court.

Dated: November 4, 2022                    SHOOK, HARDY & BACON L.L.P.


By:_____/s/ Gabriel S. Spooner_

Gabriel S. Spooner

Attorney for Defendant ADT LLC

ii

1
2

# TABLE OF CONTENTS

I.    FACTUAL BACKGROUND ........................................................................2

    A.    Plaintiff's allegations ............................................................2

    B.    Plaintiff's Alarm Services Contract with ADT....................................2

II.   LEGAL STANDARD ................................................................................5

III.  ARGUMENT..........................................................................................6

    A.    The Contract's risk allocation provisions bar Plaintiff's claims...........7

        1. Plaintiff's claims fail as a matter of law because she waived her
            right to sue ADT under any legal theory. ...................................7

        2. The Contract bars Plaintiff's breach of warranty claims. ...............10

        3. The Contract limits any recovery by Plaintiff to $500. .................11

    B.    The general negligence claim additionally fails because ADT owes
        Plaintiff no common law tort duty. .......................................12

    C.    Plaintiff did not, and cannot, plead requisite facts for an intentional
        tort claim. ..........................................................................14

    D.    Plaintiff's products liability claims fail because alarm monitoring
        services are not products. .....................................................15

    E.    Plaintiff's claim for exemplary damages fails. ..................................17

IV.   CONCLUSION ............................................................................................18

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

## <u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**FEDERAL CASES**

*Asher v. Reliance Ins. Co.*,
   308 F. Supp. 847, 850 (N.D. Cal. 1970)...................................................17

*D.L. Lee & Sons v. ADT Sec. Sys. v. Mid South, Inc.*,
   916 F. Supp. 1571 (S.D. Ga. 1995) aff'd, 77 F.3d 498 (11th Cir. 1996) .................9

*E. H. Ashley & Co. v. Wells Fargo Alarm Serv.*,
   907 F.2d 1274, 1278 (1st Cir. 1990) ..........................................................9

*Frost v. ADT, LLC*,
   947 F.3d 1261 (10th Cir. 2020) .................................................................9

*Gamino v. KPC Healthcare Holdings, Inc.*,
   No. 5:20-CV-01126-SB-MRW, 2021 WL 5104382, at *3 n.4 (C.D.
   Cal. Nov. 1, 2021)...................................................................................5

*Gill v. Rollins Protective Serv. Co.*,
   722 F.2d 55 (4th Cir. 1983) ......................................................................9

*Jhaveri v. ADT Sec. Servs., Inc.*,
   No. 2:11-CV-4426-JHN, 2012 WL 843315, at *2 (C.D. Cal. Mar. 6,
   2012), *aff'd in part*, *rev'd in part and remanded*, 583 F. App'x 689
   (9th Cir. 2014) .....................................................................................12

*Leon's Bakery, Inc. v. Grinnell Corp.*,
   990 F.2d 44, 48–49 (2d Cir.1993) ......................................................11, 12

*Ontiveros v. 24 Hour Fitness Corp.*
   169 Cal. App. 4th 424 (Cal. Ct. App. 2008)..............................................16

*Parra v. ADT Sec. Servs., Inc.*,
   No. 2:14-CV-01742-MCE, 2014 WL 4926277, at *4 (E.D. Cal. Sept.
   30, 2014) .......................................................................................13, 14

*Ram Int'l, Inc. v. ADT Sec. Servs., Inc.*,
   12-2023, 2014 WL 446824 (6th Cir. Feb. 4, 2014)......................................9

4869-6129-1323

*RB-TPG San Jose LLC v. Tyco Fire Prod., LP*,
    No. 17-CV-03655 NC, 2018 WL 4538785, at *4 (N.D. Cal. Sept. 21,
    2018) ................................................................................................. 10, 11

*Sanders v. Brown*,
    504 F.3d 903, 910 (9th Cir. 2007) .............................................................. 5

*Shayler v. MMWH Grp. LLC*,
    No. CV2010051MWFPVCX, 2021 WL 4557479, at *2 (C.D. Cal.
    July 2, 2021) ................................................................................................ 5

*Sherwin-Williams Co. v. JJT, Inc.*,
    No. 13-CV-1947-LAB-WVG, 2014 WL 2587483, at *3 (S.D. Cal.
    June 10, 2014) ........................................................................................ 10, 11

*Spengler v. ADT Sec. Serv., Inc.*,
    505 F.3d 456, 456-57 (6th Cir. 2007).......................................................... 9

*Sylve v. MGP IX Properties, LLC*,
    No. EDCV1900763CJCAGRX, 2019 WL 9042667, at *2 (C.D. Cal.
    July 17, 2019) .............................................................................................. 5

*Valenzuela v. ADT Sec. Services, Inc.*,
    820 F.Supp. 2d 1061, 1071 (C.D. Cal. 2010)................................... passim

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) .................................................................... 5

**STATE: CASES**

*Alan Abis, Inc. v. Burns Elec. Sec. Serv., Inc.*,
    283 So. 2d 822 (La. Ct. App. 2 Cir. 1973) ................................................ 9

*Am. Dist. Tel. Co. of Ala. v. Roberts & Son, Inc.*,
    122 So. 837, 839 (Ala. 1929)..................................................................... 9

*Appalachian Ins. Co. v. McDonnell Douglas Corp.*
    (1989) 214 Cal.App.3d 1, 12 ................................................................. 9, 10

*Arendell v. Auto Parts Club, Inc.*,
    29 Cal. App. 4th 1261, 1265 (Cal. App. 1994) ...................................... 15

*Better Food Markets v. American Dist. Tel. Co.*
    (1953) 40 Cal.2d 179, 188 ........................................................... 10, 11, 14

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

*Brooks v. Eugene Burger Mgmt. Corp.*,
  215 Cal. App. 3d 1611, 1626 (Cal. Ct. App. 1989)...................................................16

*Cent. Alarm of Tucson v. Ganem*,
  567 P.2d 1203, 1207 (Ariz. Ct. App. 1977) ...........................................................9

*Cohen v. Five Brooks Stable*
  (2008) 159 Cal.App.4th 1476, 1485 [72 Cal.Rptr.3d 471] .......................................8

*Cont'l Video Corp. v. Honeywell, Inc.*,
  422 So. 2d 35 (Fla. Dist. Ct. App. 3d Dist. 1982) ...................................................9

*Corral v. Rollins Protective Serv. Co.*,
  732 P.2d 1260 (Kan. 1987)........................................................................................9

*Crogan v. Metz*,
  47 Cal.2d 398, 405 (Cal. 1956) ..............................................................................18

*Eaves Brooks Costume Co. v. Y.B.H. Realty Corp.*,
  55 N.E.2d 1093, 1096 (N.Y. 1990) ...........................................................................9

*Eriksson v. Nunnink*,
  191 Cal. App. 4th 826, 831 (2011) ............................................................................8

*Erlich v. Menezes*
  (1999) 21 Cal.4th 543, 551 [87 Cal.Rptr.2d 886, 891, 981 P.2d 978,
  983] ..........................................................................................................................13

*Ferrari v. Grand Canyon Dories*,
  32 Cal. App. 4th 248, 258 (Cal. Ct. App. 1995)..............................................16, 17

*Fireman's Fund Ins. Co. v. Morse Signal Devices*,
  151 Cal. App. 3d 681, 690-91 (1984)......................................................................14

*Freeman & Mills, Inc. v. Belcher Oil Co.*,
  11 Cal. 4th 85, 95 (Cal. 1995) ................................................................................13

*Fretwell v. Prot. Alarm Co.*,
  764 P.2d 149 (Okla. 1988).........................................................................................9

*Gen. Bargain Ctr. v. Am.Alarm Co.*,
  430 N.E.2d 407 (Ind. Ct. App. 1982) .......................................................................9

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

*Guthrie v. Am. Protection Indus.*,
  160 Cal.App.3d 951, 954, 206 Cal.Rptr. 834 (1984) ............................................... 11

*Houghland v. Sec. Alarms & Serv., Inc.*,
  755 S.W.2d 769 (Tenn. 1988) .................................................................................... 9

*Madison v. Superior Court*,
  203 Cal. App. 3d 589, 598 (1988) ............................................................................. 8

*Morgan Co. v. Minnesota Mining & Mfg. Co.*,
  246 N.W.2d 443 (Minn. 1976) .................................................................................. 9

*Murphy v. Twitter, Inc.*
  (2021) 60 Cal.App.5th 12, 35 [274 Cal.Rptr.3d 360] ............................................. 8

*New England Watch Corp. v. Honeywell, Inc.*,
  416 N.E.2d 1010 (Mass. App. Ct. 1981) ................................................................. 9

*Ostalkiewicz v. Guardian Alarm, Div. of Colbert's Sec. Servs.*,
  520 A.2d 563 (R.I. 1987)........................................................................................... 9

*Reed's Jewelers, Inc. v. ADT Co.*,
  260 S.E.2d 107 (N.C. Ct. App. 1979)....................................................................... 9

*Schepps v. Am. Dist. Tel. Co.*,
  286 S.W.2d 684 (Tex. Civ. App. 1955)..................................................................... 9

*Shaer Shoe Corp. v. Granite State Alarm*,
  262 A.2d 285 (N.H. 1970) ......................................................................................... 9

*St. Paul Fire & Marine Ins. Co. v. Guardian Alarm Co. of Mich.*,
  115 Mich. App. 278, 283, 320 N.W.2d 244, 247 (1982) ......................................... 9

*Steiner Corp. v. Am. Dist. Tel.*,
  683 P.2d 435 (Idaho 1984) ....................................................................................... 9

*Wedner v. Fidelity Sec. Sys., Inc.*,
  307 A.2d 429 (Pa. Super. Ct. 1973) ......................................................................... 9

**FEDERAL: RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 5

vii

**STATE: STATUTES**

Cal. Civ. Code § 3924 ................................................................................................. 18

**OTHER AUTHORITIES**

Validity Construction and Effect of Limited Liability or Stipulated
    Damages Clause in Fire or Burglar Alarm Service Contract, 42
    A.L.R.2d 591 Annotation (Supp. 1995) ..................................................................... 9

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

## MEMORANDUM OF POINTS AND AUTHORITIES

This a straightforward contract dispute.  Plaintiff Juanita Castanon-Gamboa, on behalf of her business, Juanita's Flowers and Botanics,[1] alleges criminals broke into her flower shop, vandalized property, and stole items.  Before the break-in, Plaintiff and ADT LLC entered into an Alarm Services Contract ("Contract")[2] wherein ADT agreed to monitor the alarm system at Plaintiff's business.  ADT never agreed to insure any of Plaintiff's property or otherwise replace items lost or damaged in the event of a break-in. Quite the opposite, in fact, as the Contract contains clear and unambiguous risk allocation provisions barring Plaintiff's claims entirely, limiting ADT's liability, and expressly requiring Plaintiff look to an insurer to cover losses suffered as a result of a third party criminal actions.

To avoid these contractual constraints, Plaintiff now asserts a variety of tort and product liability claims. However, creative pleading cannot change the fact ADT owes Plaintiff only duties sounding in contract, i.e. to install, maintain, and monitor her alarm system. Accordingly, Plaintiff's claims fail for four reasons:

- The Contract's risk allocation provision bars this suit entirely or, alternatively, limits recoverable damages to $500.

- Plaintiff's warranty claims fail because the Contract expressly disclaims all warranties except those expressly provided under the Contract.

- Plaintiff's negligence and intentional tort claims are premised solely on ADT's alleged failure to perform contractual promises. Because no independent, common-law duty exists, Plaintiff's tort claims fail as a matter of law.

- Plaintiff's products liability claim separately fails because ADT provided a service—alarm and monitoring services—not a product. Leased alarm

---

[1]     Though Plaintiff captioned the lawsuit "Junita" and alternatively spells Plaintiff's name Junita and Juanita, these appear to be typos. As far ADT is aware,  the proper name  is "Juanita" or "Juanita's Flowers and Botanics."
[2]     A true and correct copy of the Contract was attached to Plaintiff's Complaint, and is likewise attached as **Exhibit A** to this Motion to Dismiss.

components and monitoring services are not products, and thus Plaintiff has no support for any products liability claims.

- Finally, the exemplary damages claim fails as a matter of law because Plaintiff alleges a simple breach of ADT's duties under the Contract, for which punitive damages are not available.

For these reasons, and those discussed more fully below, ADT respectfully requests this Court grant this Motion and dismiss Plaintiff's Complaint with prejudice, or alternatively, limit the her recoverable damages to $500.

## I.    FACTUAL BACKGROUND

### A.    Plaintiff's allegations

On December 26, 2013, Plaintiff first contracted with ADT for alarm monitoring services on behalf of her flower shop located at 609 East Arrow Hwy., Azusa, California 91702. *See* Compl. at p. 14. Following the termination of her initial contract by its terms, Plaintiff entered a second alarm services contact on January 21, 2017. *Id.*  Early on the morning of August 15, 2021, a burglar broke through a front door window and entered the flower shop. Plaintiff alleges the flower shop's single alarm sensor 30 feet from the doorway never activated and failed to notify ADT of the burglary, causing $1,060.00 in losses to her business. *Id.* at p. 15.

Based on these allegations, Plaintiff sued ADT on February 2, 2022, for breach of contract, breach of implied warranty, general negligence, intentional tort, strict products liability, and exemplary damages. *See Id.* Counts 1-5. On March 21, 2022, Plaintiff filed a motion to reclassify her claim as unlimited, alleging her direct and punitive damages now exceed $100,000. *See* Mt. to Reclassify ¶ 10. All Plaintiff's claims stem from ADT's alleged failure to provide alarm-monitoring services. *See id.* at 17.

### B.    Plaintiff's Alarm Services Contract with ADT

On the Contract's first page, directly above the customer signature, Plaintiff

agreed that by signing the Contract, she agreed to all its Terms and Conditions. *Id.* at p. 1. ("Before signing this contract, I have read, understand and agree to each and every term of this Contract").  In signing the Contract, Plaintiff therefore agreed no "alarm system can provide complete protection or guarantee prevention of loss or injury" and "robberies … and other incidents are unpredictable and cannot always be detected or prevented by an alarm system." *Id.* Accordingly, the parties agreed that neither ADT's security alarm equipment nor the monitoring services provided by ADT could or would prevent burglaries to Plaintiff's business.

In the Contract's conspicuously referenced paragraph 5, Plaintiff agreed that ADT was not her insurer; if she wanted insurance to cover potential losses, she would purchase it; and, in the event of loss, they would seek reimbursement from that insurance, not ADT:

> **I AGREE THAT DEALER IS NOT AN INSURER AND THAT DEALER IS NOT PROVIDING ME WITH INSURANCE OF ANY TYPE.** THE AMOUNTS I PAY DEALER ARE NOT INSURANCE PREMIUMS AND ARE NOT RELATED TO THE VALUE OF MY PROPERTY, ANYONE ELSE'S PROPERTY LOCATED IN MY PREMISES, OR ANY RISK OF LOSS AT MY PREMISES. INSTEAD, THE AMOUNTS DEALER CHARGES ME ARE BASED SOLELY UPON THE VALUE OF THE EQUIPMENT AND SERVICES DEALER PROVIDES AND UPON THE LIMITED LIABILITY DEALER ASSUMES UNDER THIS CONTRACT. **IF I WANT INSURANCE TO PROTECT AGAINST ANY RISK OF LOSS AT MY PREMISES. I WILL PURCHASE IT. IN THE EVENT OF ANY LOSS, DAMAGE OR INJURY, I WILL LOOK EXCLUSIVELY TO MY INSURER AND NOT TO DEALER TO COMPENSATE ME OR ANYONE ELSE.** I RELEASE AND WAIVE FOR MYSELF AND MY INSURER ALL SUBROGATION AND OTHER RIGHTS TO RECOVER AGAINST DEALER ARISING AS A RESULT OF THE PAYMENT OF ANY CLAIM FOR LOSS, DAMAGE OR INJURY.

*Id.* at p. 3, ¶ 5 (emphasis in original).

Accordingly, Plaintiff agreed ADT cannot be liable for the damages she now seeks to recover:

> **EXCLUSIVE REMEDY.** IT IS IMPRACTICAL AND EXTREMELY DIFFICULT TO DETERMINE THE ACTUAL DAMAGES, IF ANY, THAT MAY RESULT FROM A FAILURE BY DEALER TO PERFORM ANY OF ITS OBLIGATIONS. **UNDER NO CIRUMCUMSTANCES WILL I ATTEMPT TO HOLD DEALER**

3

4869-6129-1323

**LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES, INCLUDING WITHOUT LIMITATION, DAMAGES FOR PERSONAL INJURY OR DAMAGES TO PROPERTY.**

*Id*. (emphasis in original).

Not only does the unambiguous language waive Plaintiff's right to sue ADT for negligence, extra-contractual warranties, or consequential damages, any potential recovery is alternatively limited to $500:

**IF, NOTWITHSTANDING THE PROVISIONS THIS PARAGRAPH 5, DEALER IS FOUND LIABLE FOR LOSS, DAMAGE OR INJURY UNDER ANY LEGAL THEORY RELATING IN ANY WAY TO THE SERVICES AND/OR EQUIPMENT PROVIDED OY DEALER, DEALER'S LIABILITY TO ME SHALL BE LIMITED TO A SUM EQUAL TO 10% OF THE ANNUAL SERVICE CHARGE OR $500, WHICHEVER IS GREATER.**

Plaintiff further agreed $500 constituted her sole and exclusive remedy against ADT, no matter how their loss occurred. *See id*. ("This agreed-upon amount is not a penalty; rather it is my sole remedy.").

Plaintiff had the option of increasing ADT's liability by executing a separate agreement, but declined that option. (Likely because it would have increased her monthly service charge.)

**UPON MY REQUEST, DEALER MAY AGREE TO ASSUME LIABILITY BEYOND WHAT IS PROVIDED FOR IN THIS PARAGRAPH 5 BY ATTACHING A SIGNED AMENDMENT TO THIS CONTRACT SETTING FORTH THE EXTENT OF DEALER'S LIABILITY AND THE ADDITIONAL CHARGES TO ME.**

*Id.* (emphasis in original).

Finally, Plaintiff acknowledged that the Contract was the parties' entire agreement and that they were not relying on any warranties or representations made outside the Contract:

**ENTIRE AGREEMENT CONTRACT.** This Contract constitutes the entire agreement between the parties. I am not relying on Dealer's advice or advertisements. Dealer is not bound by any representation, promise, condition, inducement or warranty, express or implied, that is not included in writing this Contract. The terms and conditions of this Contract shall control and govern even if there are other documents with inconsistent or additional terms and conditions. If a court determines that

4

any provision of this Contract is invalid or unenforceable, that provision shall be deemed amended and enforced to the maximum extent permitted by law. Each and every provision of this Contract shall continue to be valid and enforceable.

*Id.* at ¶ 26 (emphasis in original).

## II.   LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim, a complaint must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173 (9th Cir. 2021); Fed. R. Civ. P. 12(b)(6). Formulaic recitation of the elements of a cause of action cannot overcome dismal absent some factual support in the complaint. *Sylve v. MGP IX Properties, LLC*, No. EDCV1900763CJCAGRX, 2019 WL 9042667, at *2 (C.D. Cal. July 17, 2019) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, "[t]he Court must disregard allegations that are legal conclusions, even when disguised as facts." *Shayler v. MMWH Grp. LLC*, No. CV2010051MWFPVCX, 2021 WL 4557479, at *2 (C.D. Cal. July 2, 2021).

At the motion to dismiss stage, "Courts may take judicial notice of a document on which the complaint relies if the document 'is central to the plaintiff's claim[s]' and its 'authenticity' cannot be reasonably disputed." *Gamino v. KPC Healthcare Holdings, Inc*., No. 5:20-CV-01126-SB-MRW, 2021 WL 5104382, at *3 n.4 (C.D. Cal. Nov. 1, 2021); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (while "[r]eview is generally limited to the contents of the complaint, … a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document.").

Here, the Complaint clearly establishes the Contract as the lynchpin for each of Plaintiff's claims. *See* Complaint at 16-24, 14 ("The ADT Security Corp caused there

5

[sic] authorized dealer, America's Security to enter into a new contract with Plaintiff [sic] business."). Plaintiff brought a breach of contract action and attached her Contract to the Complaint. The first page of the Contract clearly shows customer signature on behalf of Juanitas (sic) Flowers and Botanics on January 21, 2017. Contract, at p.1. Importantly, just above the signature, the Contract again puts Plaintiff on notice of the Terms and Conditions of the Contract. Id. (directing customer to Paragraph 5 (limitation of Liability) of the Contract and emphasizing no "alarm system can provide complete protection of guarantee prevention of loss or injury" and "[d]ealer recommends I manually test the alarm system monthly."). Further, just above the customer signature, it is clear that the Contract includes seven additional pages. *Id*. at p. 1 (noting in bold letters "1 of 8").

Plaintiff cannot reasonably dispute its authenticity of the Contact attached to this Motion where she already attached the document in previous judicial filings and consistently referred to it in her Complaint. Accordingly, because Plaintiff cannot reasonably dispute the authenticity of the Contract, the Court may consider it at this stage.

## III.   ARGUMENT

Plaintiff's claims fail for four reasons: First, the Contract unambiguously bars all claims because Plaintiff expressly waived her right to sue ADT under any legal theory. The Contract's risk allocation provisions specifically waive any implied warranty claims. Under the Contract, $500 represents the maximum remedy available to Plaintiff.

Next, Plaintiff cannot establish ADT owes an independent tort duty outside the Contract. Without such duty, Plaintiff's negligence claims fail. Additionally, the Complaint remains devoid of facts supporting requisite "desire" or "belief" required for an intentional tort claim.

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

1    Third, Plaintiff cannot sustain a products liability claim because ADT provided
2    alarm monitoring services, not a product.

3    Fourth, the exemplary damages claim fails because punitive damages remain
4    unavailable for breach of contract under California law.

5    For these reasons, ADT requests this Court grant its Motion and dismiss the
6    Complaint with prejudice

7    **A.    The Contract's risk allocation provisions bar Plaintiff's claims.**

8    In the Contract, and in exchange for a mutually agreed upon monthly payment
9    of $45.99, Plaintiff agreed to waive her right to sue ADT under any legal theory,
10   including each theory now asserted against ADT. Further, Plaintiff specifically agreed
11   ADT made no  implied warranty for any of the services provided. Finally, Plaintiff
12   agreed if ADT were somehow found liable under any theory, her recovery would be
13   limited to $500. Importantly, Plaintiff—on behalf of her business—confirmed she
14   read, understood, and agreed to all these provisions.

15   ***1.    Plaintiff's claims fail as a matter of law because she waived her***
16   ***right to sue ADT under any legal theory.***

17   The plain language of the contract establishes Plaintiff waived her right to sue
18   ADT under any legal theory and that ADT cannot be held liable for the damages
19   Plaintiff now seeks to recover:

20   **EXCLUSIVE    REMEDY.    IT    IS    IMPRACTICAL    AND**
     **EXTREMELY DIFFICULT TO DETERMINE THE ACTUAL**
21   **DAMAGES, IF ANY, THAT MAY RESULT FROM A FAILURE**
     **BY DEALER TO PERFORM ANY OF ITS OBLIGATIONS.**
22   **UNDER NO CIRCUMSTANCES WILL I ATTEMPT TO HOLD**
     **DEALER    LIABLE    FOR    ANY    CONSEQUENTIAL    OR**
23   **INCIDENTAL    DAMAGES,    INCLUDING    WITHOUT**
     **LIMITATION, DAMAGES FOR PERSONAL INJURY OR**
24   **DAMAGES TO PROPERTY.**

25   **THE PROVISIONS IN THIS PARAGRAPH 5 APPLY NO**
26   **MATTER HOW THE LOSS, DAMAGE, INJURY OR OTHER**
     **CONSEQUENCE    OCCURS,    EVEN    IF    DUE    TO    THE**
27   **PERFORMANCE OR NONPERFORMANCE BY THE DEALER**
     **OF ITS OBLIGATIONS UNDER THIS CONTRACT OR FROM**
28

4869-6129-1323

**THE NEGLGIENCE (ACTIVE OR OTHERWISE), STRICT LIABILITY, VIOLATION OF ANY APPLICABLE CONSUMER PROECTION LAW OR ANY OTHER THEORY OF LIABILITY OR ALLEGED FAULT ON THE PART OF THE DEALER, ITS AGENTS, OR ITS EMPLOYEES.**

*Id.* at p. 5. (emphasis in original).

Plaintiff had the option of requesting ADT increase its liability by executing a separate agreement, but declined that option:

**UPON MY REQUEST, DEALER MAY AGREE TO ASSUME LIABILITY BEYOND WHAT IS PROVIDED FOR IN THIS PARAGRAPH 5 BY ATTACHING A SIGNED AMENDMENT TO THIS CONTRACT SETTING FORTH THE EXTENT OF DEALER'S LIABILITY AND THE ADDITIONAL CHARGES TO ME.**

*Id.* at p. 5. (emphasis in original).

This language reflects an enforceable promise waiving Plaintiff's right to sue ADT. Under California law, "[w]aivers of liability that are 'clear, unambiguous and explicit' bar claims that expressly fall within their scope." *Murphy v. Twitter, Inc.* (2021) 60 Cal.App.5th 12, 35 [274 Cal.Rptr.3d 360]; *Eriksson v. Nunnink*, 191 Cal. App. 4th 826, 831 (2011) ("It is only necessary that the act of negligence, which results in injury to the releaser, be reasonably related to the object or purpose for which the release is given…An act of negligence is reasonably related to the object or purpose for which the release was given if it is included within the express scope of the release."); *Cohen v. Five Brooks Stable* (2008) 159 Cal.App.4th 1476, 1485 [72 Cal.Rptr.3d 471]. "The express terms of the release must be applicable to the particular negligence of the defendant, but every possible specific act of negligence of the defendant need not be spelled out in the agreement." *Cohen*, 159 Cal.App.4th at 1485 [72 Cal.Rptr.3d at 478]. Indeed, the release need not be perfect, only clear and unambiguous. *Madison v. Superior Court*, 203 Cal. App. 3d 589, 598 (1988) ("Whether a contract provision is clear and unambiguous is a question of law, not of fact.")

Here, Contract between Plaintiff and ADT expressly bars this action in its

8

4869-6129-1323

entirety. California courts, and courts nationwide,[3] routinely enforce similar contractual damage and liability waivers in the alarm services context as a matter of course. *See, e.g., Valenzuela*, 820 F.Supp.2d at 1075 (holding that "California courts have, in other [. . .] alarm cases, overwhelmingly upheld and enforced risk allocation provisions" and supporting collecting cases]; *see also Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, 12 (enforcing a waiver of liability provision stating that "under no circumstances will [McDonnell Douglas] be

---

[3] *See, e.g., Frost v. ADT, LLC,* 947 F.3d 1261 (10th Cir. 2020); *E. H. Ashley & Co. v. Wells Fargo Alarm Serv.,* 907 F.2d 1274, 1278 (1st Cir. 1990); *Gill v. Rollins Protective Serv. Co.,* 722 F.2d 55 (4th Cir. 1983); *D.L. Lee & Sons v. ADT Sec. Sys. v. Mid South, Inc.,* 916 F. Supp. 1571 (S.D. Ga. 1995) aff'd, 77 F.3d 498 (11th Cir. 1996); *Am. Dist. Tel. Co. of Ala. v. Roberts & Son, Inc.,* 122 So. 837, 839 (Ala. 1929); *Cent. Alarm of Tucson v. Ganem,* 567 P.2d 1203, 1207 (Ariz. Ct. App. 1977); *Cont'l Video Corp. v. Honeywell, Inc.,* 422 So. 2d 35 (Fla. Dist. Ct. App. 3d Dist. 1982); *Steiner Corp. v. Am. Dist. Tel.,* 683 P.2d 435 (Idaho 1984); *Gen. Bargain Ctr. v. Am.Alarm Co.,* 430 N.E.2d 407 (Ind. Ct. App. 1982); *Corral v. Rollins Protective Serv. Co.,* 732 P.2d 1260 (Kan. 1987); *Alan Abis, Inc. v. Burns Elec. Sec. Serv., Inc.,* 283 So. 2d 822 (La. Ct. App. 2 Cir. 1973); *New England Watch Corp. v. Honeywell, Inc.,* 416 N.E.2d 1010 (Mass. App. Ct. 1981); *Morgan Co. v. Minnesota Mining & Mfg. Co.,* 246 N.W.2d 443 (Minn. 1976); *Shaer Shoe Corp. v. Granite State Alarm,* 262 A.2d 285 (N.H. 1970); *Eaves Brooks Costume Co. v. Y.B.H. Realty Corp.,* 55 N.E.2d 1093, 1096 (N.Y. 1990); *Reed's Jewelers, Inc. v. ADT Co.,* 260 S.E.2d 107 (N.C. Ct. App. 1979); *Fretwell v. Prot. Alarm Co.,* 764 P.2d 149 (Okla. 1988); *Wedner v. Fidelity Sec. Sys., Inc.,* 307 A.2d 429 (Pa. Super. Ct. 1973); *Ostalkiewicz v. Guardian Alarm, Div. of Colbert's Sec. Servs.,* 520 A.2d 563 (R.I. 1987); *Houghland v. Sec. Alarms & Serv., Inc.,* 755 S.W.2d 769 (Tenn. 1988); *Schepps v. Am. Dist. Tel. Co.,* 286 S.W.2d 684 (Tex. Civ. App. 1955); *St. Paul Fire & Marine Ins. Co. v. Guardian Alarm Co. of Mich.,* 115 Mich. App. 278, 283, 320 N.W.2d 244, 247 (1982) (holding that $250 constituted a reasonable limitation of damages where alarm system did not work properly); *Spengler v. ADT Sec. Serv., Inc.,* 505 F.3d 456, 456-57 (6th Cir. 2007) (affirming dismissal of plaintiff's tort claims and enforcing liquidated damages clause because "ADT's obligation to promptly and correctly dispatch EMS emanated only from the contract, not Michigan common law, and thus no tort claim is available."); *Ram Int'l, Inc. v. ADT Sec. Servs., Inc.,* 12-2023, 2014 WL 446824 (6th Cir. Feb. 4, 2014) (upholding liquidated damages provision in alarm services contract); *see also* Annotation, Validity Construction and Effect of Limited Liability or Stipulated Damages Clause in Fire or Burglar Alarm Service Contract, 42 A.L.R.2d 591 (Supp. 1995) (stating that "courts have been unanimous in declaring provisions [limiting liability] valid" and citing cases from over 25 jurisdictions in support of this proposition).

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

liable to Purchaser under or in connection with this Agreement, under any tort, negligence, strict liability, contract or other legal or equitable theory, for incidental or consequential damages."); *Better Food Markets v. American Dist. Tel. Co.*, (1953) 40 Cal.2d 179, 188 (enforcing similar limitation of liability provision in a service contract).

The relevant waiver language is clear and conspicuous in the alarm services contract Plaintiff entered into with ADT. There can be no dispute, under a plain-language analysis or otherwise, that Plaintiff waived her rights to pursue the claims at issue in this litigation. Therefore, this Court should follow well-established precedent and dismiss Plaintiff's claims against ADT pursuant to the Contract.

### 2. The Contract bars Plaintiff's breach of warranty claims.

The Contract likewise contains a clear and conspicuous waiver of implied warranties:

> **NO OTHER WARRANTIES. OTHER THAN THE LIMITED WARRANTY PROVIDED UNDER THIS CONTRACT AND, IF PURCHASED, THE QSP, I AGREE THAT THE DEALER MAKES NO GURANTEE OR WARRANTY OF ANY KIND, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURCHASE, WITH RESPECT TO THE SERVICES DEALER PERFORMS OR THE EQUIPMENT IT PROVIDES. MY EXCLUSIVE WARRANTY REMEDY IS SET FORTH IN PARAGRAPHS 9 AND 10 ABOVE.**

*Id.* at 6. ¶ 12 (emphasis in the original).

California courts consistently enforce similar waivers barring implied warranty claims. *See, e.g., RB-TPG San Jose LLC v. Tyco Fire Prod., LP*, No. 17-CV-03655 NC, 2018 WL 4538785, at *4 (N.D. Cal. Sept. 21, 2018) ("Under California law, however, a seller may disclaim the implied warranty of merchantability of its products. To be effective, the disclaimer must mention merchantability and it must be conspicuous.") (internal citations omitted); *Sherwin-Williams Co. v. JJT, Inc.,* No. 13-CV-1947-LAB-WVG, 2014 WL 2587483, at *3 (S.D. Cal. June 10, 2014) (upholding nearly identical waiver and dismissing claims for breach of the implied warranties of

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

merchantability and fitness for a particular purpose with prejudice).

Here, Plaintiff's warranty claims are barred under the Contract. Plaintiff claims ADT breached an implied warranty despite signing an agreement recognizing "Dealer makes no guarantee or warranty of any kind, including any implied warranty of merchantability or fitness for a particular purpose." Contract at 6; *see also RB-TPG San Jose* and *Sherwin-Williams* collectively demonstrate clear contractual language effectively prohibits any implied warranty actions. Accordingly, the Contract's clear language bars the claim and warrants dismissal with prejudice.

### 3.    The Contract limits any recovery by Plaintiff to $500.

Even in jurisdictions where complete liability waivers are unenforceable—and California is assuredly not one of those jurisdictions—Plaintiff further agreed to limit her recovery under any legal theory to $500. *See* Contract at ¶ 5. ADT is an alarm monitoring provider, not a property insurer. Recognizing this fact, state and federal courts in California routinely enforce nearly identical limitation of liability provisions in service contracts including contracts for alarm services. *See e.g., Better Food Markets*, 40 Cal.2d at 188 [253 P.2d at 16] (enforcing a similar limitation of liability provision in a service contract limiting recovery to $500); *Guthrie v. Am. Protection Indus*., 160 Cal.App.3d 951, 954, 206 Cal.Rptr. 834 (1984) (enforcing a similar contractual limitation of liability to $250); *Valenzuela*, 820 F.Supp.2d at 1075 (limiting recoverable damages to $1000 per contract and noting "No reasonable person could expect that the provider of an alarm service would, for a fee unrelated to the value of the property, undertake to provide an identical type coverage should the alarm fail to prevent a crime."); *Leon's Bakery, Inc. v. Grinnell Corp*., 990 F.2d 44, 48–49 (2d Cir.1993) (holding a similar risk allocation provision enforceable and collecting decisions issued from courts across the United States upholding limitation-of-liability clauses in contracts for the provision of fire alarm and burglar alarm systems).

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

Here, the Contract emphasizes ADT waived all liability as an alarm service provider and Plaintiff agreed. *See* Contract, ¶ 5 (explaining "[i]t is impractical and extremely difficult to determine the actual damages, if any, that may result from a failure by dealer to perform any of its obligations."). Plaintiff further agreed that $500 would be the sole, maximum remedy against ADT, no matter how her loss occurred:

> **THIS AGREED-UPON AMOUNT IS NOT A PENALTY, RATHER, IT IS MY SOLE REMEDY. UPON MY REQUEST, DEALER MAY AGREE TO ASSUME LIABILITY BEYOND WHAT IS PROVIDED FOR IN THIS PARAGRAPH 5 BY ATTACHING A SIGNED AMENDMENT TO THIS CONTRACT SETTING FORTH THE EXTENT OF DEALER'S LIABILITY AND THE ADDITIONAL CHARGES TO ME.**

*Id.* (emphasis in original).

California courts consistently enforce nearly identical limitation-of-damages provisions in ADT contracts, noting their public policy benefits. *See, e.g.*, *Valenzuela*., 820 F. Supp. 2d at 1070 (upholding nearly identical limitation of liability in ADT contract and noting "California courts have, in other burglar alarm cases, overwhelmingly upheld and enforced risk allocation provisions strikingly similar to the one at issue here.").

Therefore, the Court should dismiss this lawsuit or alternatively dismiss all portions of Plaintiff's Complaint that seek more than the contractually agreed-upon amount of $500.

## B. The general negligence claim additionally fails because ADT owes Plaintiff no common law tort duty.

Plaintiff's negligence claim fails because no independent tort duty exists. "Under California law, '[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations.'" *Jhaveri v. ADT Sec. Servs., Inc.*, No. 2:11-CV-4426-JHN, 2012 WL 843315, at *2 (C.D. Cal. Mar. 6, 2012), *aff'd in part*, *rev'd in part and remanded*, 583 F. App'x 689 (9th Cir. 2014). Failure to perform a contractual obligation cannot constitute a tort absent showing a failure to

12

perform an independent legal duty. *Erlich v. Menezes* (1999) 21 Cal.4th 543, 551 [87 Cal.Rptr.2d 886, 891, 981 P.2d 978, 983]; *see also Valenzuela v. ADT Sec. Services, Inc.*, 820 F.Supp. 2d 1061, 1071 (C.D. Cal. 2010).

The California Supreme Court has "reiterated the important differences between contract and tort theories of recovery," recognizing "[c]onduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 95 (Cal. 1995)  (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516) (Cal. 1994). Failure to perform a contractual obligation cannot constitute a tort absent showing a failure to perform an independent legal duty. *Erlich v. Menezes* (1999) 21 Cal.4th 543, 551 [87 Cal.Rptr.2d 886, 891, 981 P.2d 978, 983]. Importantly, California courts do not recognize a common-law duty to install, monitor, or maintain a security system because those duties arise solely by way of contract, not common law. *Valenzuela.*, 820 F. Supp. 2d at 1071–72.

In *Valenzuela*, ADT installed and monitored a burglar alarm at the Valenzuelas' jewelry store. *Id*. The alarm was coded improperly so that when burglars broke into the store, the system activated, but ADT did not receive or respond to an alarm signal. *Id.* The Valenzuelas sued ADT in tort for gross negligence and material misrepresentations. *Id.* Judge Gee dismissed those claims, holding that "[r]egardless of whether it was computer or human error that caused Plaintiff's account to be coded as 'out of service,' [and consequently resulting in ADT not notifying the Valenzuelas or police of the alarm] California courts have repeatedly held, in remarkably similar cases, that the alarm company's failure to notify the relevant parties of a received signal neither constitutes gross negligence nor evidences a duty arising outside of the contract." *Id.* at 1070; *see also, e.g., Parra v. ADT Sec. Servs., Inc*., No. 2:14-CV-01742-MCE, 2014 WL 4926277, at *4 (E.D. Cal. Sept. 30, 2014) (dismissing negligence claim against ADT with prejudice for lack of common-law duty and noting

4869-6129-1323

that "because any amended complaint alleging a duty independent of the contract would necessarily require Plaintiff to contradict previous allegations… no leave to amend will be permitted."); *Fireman's Fund Ins. Co. v. Morse Signal Devices*, 151 Cal. App. 3d 681, 690-91 (1984) (dismissing gross negligence claim against alarm company for failure to allege common-law duty independent of parties' contract); *Better Food Markets,* 40 Cal.2d at 188 [253 P.2d at 16] (affirming dismissal of negligence claims against an alarm company because "the plaintiff makes no claim that a duty was owed to [the plaintiff] outside of that created by the contract").

Here, Plaintiff's negligence claim stems from ADT's alleged failures to perform contractual duties to properly monitor, maintain, and/or operate the alarm system at Plaintiff's flower shop. *See* Complaint at ¶ 14 (alleging ADT "failed to inform Plaintiff that the system installed would not adequately protect the premises by activating an alarm should Plaintiff business be broken into." And "as a proximate result of the failure . . . to properly inspect or inform and take full recognition of the defect and of inadequacies of the existing alarm system Plaintiff was harmed.").

This negligence claim necessarily fails for the same reason plaintiffs' negligence claims failed in *Parra, Valenzuela, Fireman's Fund, and Better Food*: Plaintiff pleads no facts demonstrating ADT owed a common-law duty, aside from the Contract, to manage, maintain, or monitor the alarm system. Instead, Plaintiff alleges only that ADT did not adequately provide security alarm monitoring services as contracted. This allegation amounts to breach of contract, not a tort claim. Failure to perform contract duties may support a breach of contract claim under appropriate facts, but it cannot support a tort claim. As a result, Plaintiff's negligence claim fails as a matter of law and warrants dismissal.

### C.   Plaintiff did not, and cannot, plead requisite facts for an intentional tort claim.

Nor do Plaintiff's attempts to assert that ADT has committed an intentional tort

4869-6129-1323

1   fare any better. Indeed, Plaintiff provides no factual allegations whatsoever to support

2   her conclusory allegation that ADT "intentionally caused the damage to the plaintiff."

3   *See* Compl. at 15. In California an "intentional tort is one in which the actor "desires

4   to cause consequences of his act" or "believes that the consequences are substantially

5   certain to result from it."*Arendell v. Auto Parts Club, Inc*., 29 Cal. App. 4th 1261,

6   1265, (Cal. App. 1994) (affirming dismissal where facts suggesting intentional

7   conduct "is simply absent" in complaint.). Courts impose heightened pleading

8   requirements for intentional torts and consistently dismiss complaints without

9   sufficient factual support. *See, e.g., Small v. Fritz Companies*, Inc. 65 P.3d 1255, 1265

10  (Cal. 2003) (noting "In California, fraud must be pled specifically; general and

11  conclusory allegations do not suffice.").

12          Here, Plaintiff has not, and cannot, meet the heightened pleading burden

13  required for an intentional tort action. In support of the intentional claim, the

14  Complaint argues "Defendant's negligence has caused Plaintiff to spend money for

15  inadequate alram [sic] over a period of 8 year period [sic] by which ADT profited

16  with direct intent."  Compl. at 15. However, Plaintiff provides no facts suggesting

17  ADT maintained either the required "desire" or "belief" for installing an inadequate

18  alarm system installation or allowing an isolated criminal act occur. Plaintiff

19  summarily argues ADT "intentionally caused the damage to the plaintiff" by failing

20  "to properly inspect or inform and take full recognition of the defects or inadequacies

21  of the existing alarm system." *See* Compl. 15. These allegations constitute the

22  "conclusory allegations" rejected under California law and cannot demonstrate

23  requisite intent for heightened intentional tort pleading burden.

24          Accordingly, this claim fails and should be dismissed.

25      **D.    Plaintiff's products liability claims fail because alarm monitoring**

26          **services are not products.**

27          As the contract makes clear, ADT provided Plaintiff with alarm monitoring

28
                                        15
4869-6129-1323

services on a subscription basis. Accordingly, Plaintiff's products liability claim fails because ADT's alarm monitoring services do not constitute products—a fundamental requirement to bring a claim sounding in products liability claim.  In California, strict product liability doctrine does not apply when the "dominant purpose" of a transaction is to provide services instead of products. *Ferrari v. Grand Canyon Dories*, 32 Cal. App. 4th 248, 258 (Cal. Ct. App. 1995) ("[c]ourts have not extended the doctrine of strict liability to transactions whose primary objective is obtaining services.")' *see also Brooks v. Eugene Burger Mgmt. Corp*., 215 Cal. App. 3d 1611, 1626 (Cal. Ct. App. 1989) ("a products liability claimant must meet a condition precedent to successfully maintain the action.   He or she must show that the object or instrumentality claimed to be defective was in fact a 'product'. . .").   Whether something is a "product" or services is a matter of law for the court to decide.  *Id*.

In practice, courts recognize products liability claims prove inappropriate for resolving service transactions disputes. For example, in *Ontiveros v. 24 Hour Fitness Corp*., plaintiff sued 24 Hour Fitness in strict products liability after allegedly suffering injuries on a stair step workout machine. 169 Cal. App. 4th 424 (Cal. Ct. App. 2008).   The court rejected the products liability action because that the "dominant purpose" of plaintiff's membership agreement centered on fitness services and the gym fell outside the chain of distribution for strict product liability. *Id*. Because the stair step machine was incidental to 24 Hour Fitness's dominant purpose (providing fitness services), plaintiff's injury could not support a product liability action and the claim failed as a matter of law. *Id*. (noting "defendant was in the business of providing fitness services and made exercise machines available to members as an incident to those services.   Thus, the law of strict product liability does not apply to defendant under the facts of this case . . ."). Likewise, In *Ferrari v. Grand Canyon Dories*, plaintiff could not assert a products claim against a rafting company for injuries caused by an allegedly defective raft the raft itself was merely incidental to

16

4869-6129-1323

primary purpose of rafting services. *Ferrari*, 32 Cal.App.4th at p. 259 (citing *Wagner v. Coronet Hotel*, 458 P.2d 390 (Ariz. Ct. App. 1969) (hotel not strictly liable for injury to guest caused by allegedly defective bath mat)).

Here, just as with the stair stepper and raft, the alarm system components installed at Plaintiff's place of business are secondary and incidental to the true purpose of ADT's business—providing alarm monitoring, and notification services. The Contract consistently emphasizes services at the heart of the transaction. Plaintiff's Contract is entitled an "**ALARM SERVICES CONTRACT**". *See* Contract at p. 1 (emphasis in original). Contract provisions reiterate services' centrality. Immediately following the "Equipment to be Installed" section of the Contract is a section is titled "Section 3.  Services to be Provided," which outlines ADT's provision of "standard monthly services" including customer monitor center signal receiving and notification service for burglary, fire, manual fire, and manual police emergency; it also captures the total monthly "service" charge. *Id.* These sections underscore that ADT provided alarm services, and any related products remained secondary to the transaction.[4]

Because ADT's alarm monitoring services do not constitute legal products for purposes of product liability claims, the Court should dismiss Plaintiff's strict product liability claim with prejudice.

### E.    Plaintiff's claim for exemplary damages fails.

Finally, even if Plaintiff's substantive claims were viable—and they are not—the Complaint simply does not and cannot support a claim for punitive damages. "Where a breach of contract only is involved, punitive damages are not recoverable." *Asher v. Reliance Ins. Co*., 308 F. Supp. 847, 850 (N.D. Cal. 1970) (citing Cal. Civ. Code § 3924). Restrictions against exemplary damages for contractual claims

---

[4] Additionally, while described as product defect claims, Plaintiff never alleges or identifies a specific defect. Indeed, as noted above, her claim is ADT inadequately installed alarm sensors "which should have activated for the purposes intended." *See* Compl. at p. 17.

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

constitutes well settled and long standing rule of law in California. *Crogan v. Metz*, 47 Cal.2d 398, 405 (Cal. 1956) (holding that pursuant Civ. Code § 3294, punitive damages were improperly awarded "in an action based on a breach of contract even though the defendant's breach was willful or fraudulent."). Here, the exemplary damages claim necessarily fails where Plaintiff alleges nothing more than a breach of ADT's contractual obligations. Because the Complaint cannot support punitive damages, the claim warrants dismissal.

## IV.    CONCLUSION

For these reasons, ADT requests that this Court dismiss Plaintiff's Complaint with prejudice or, alternatively, limit the recoverable damages to the contractually agreed-upon $500, and for all other relief this Court deems just.

Dated:  November 4, 2022              SHOOK, HARDY & BACON L.L.P.


                                      By:_____*/s/ Gabriel S. Spooner*____
                                              Gabriel S. Spooner
                                      Attorney for Defendant ADT LLC

ADT LLC'S NOTICE AND MOTION TO DISMISS

4869-6129-1323

## **PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5 Park Plaza, Suite 1600, Irvine, California  92614.

On November 4, 2022, I served on the interested parties in said action the within:

### **ADT LLC'S NOTICE OF MOTION TO DISMISS; MEMORANDUM AND POINTS OF AUTHORITIES**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

(MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☒ (BY ELECTRONIC SERVICE) By electronically mailing a true and correct copy through Shook, Hardy & Bacon L.L.P.'s electronic mail system to the e-mail address(es) as stated on the attached service list.

☒ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the One Legal Electronic Filing system pursuant to the instructions set forth in the Local Rules for the United States District Court, Central District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2022, at Irvine, California.

 Gabriel S. Spooner                                         */s/ Gabriel S. Spooner*
        (Type or print name)                                        (Signature)

4877-6295-1739

## <u>SERVICE LIST</u>

1

2  Junita Castanon-Gamboa (Pro Per Litigant)
   c/o Optimus Law
3  9573 Garvey Ave, Suite 20
   South El Monte, CA  91733
4  (Tel) 626-324-2684 (Fax) 626-898-9699
   Email: <u>michaelhowardus@yahoo.com</u>
5

6  **Attorney for Plaintiff**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

ADT LLC'S PROOF OF SERVICE

4877-6295-1739