SHOOK, HARDY & BACON L.L.P.
Gabriel S. Spooner (SBN: 263010)
gspooner@shb.com
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendant
ADT LLC, incorrectly named as
THE ADT SECURITY CORPORATION

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUNITA CASTANON-GAMBOA, d/b/a JUNITA FLOWERS AND BOTANICS,<br><br>Plaintiff,<br><br>vs.<br><br>THE ADT SECURITY CORPORATION; AMERICA'S SECURITY; and DOES 1-20,<br><br>Defendants. | Case No.: 2:22-cv-07884 FMO (Ex)<br>District Judge: Hon. Fernando M. Olguin<br><br>**JOINT F.R.C.P. 26(f) REPORT**<br><br>Scheduling Conference<br>Date: December 22, 2022<br>Time: 10:00 a.m.<br><br>Complaint filed: 02/02/2022<br>Trial date: |

Defendant ADT LLC ("ADT") submits this Rule 26(f) Report (the "Report") pursuant to the Court's November 7, 2022 Order (Doc. 9). ADT attempted to contact Plaintiff Junita Castanon-Gamboa[1] multiple times to jointly file this document, but Plaintiff did not respond to repeated requests to contribute to this filing. During the

---

[1] Plaintiff is listed throughout filings as pro se litigant acting through her personal representative Michael D. Howard. However, Plaintiffs Motion to Dismiss filed December 9, 2022, lists legal counsel as the office of Jason Adhoot but does not contain his signature for filing. At this point it remains unclear whether Plaintiff is acting on her own behalf, through Agent-In-Fact Michael D. Howard or through the law office of Jason Adhoot.

JOINT RULE 26(F) REPORT

4887-8557-2930

parties' Rule 26(f) Conference, a representative for Plaintiff promised to provide a draft Report by December 5, 2022. Plaintiff never provided a draft report and failed to respond to follow up emails seeking status update. This Report is the result of a conference held among counsel for the Parties on November 30, 2022.[2]

## I. Statement of the Case

### A. Plaintiffs' Position

Plaintiff brings this action on behalf of her business, Juanita's Flowers and Botanics, alleging ADT installed a defective alarm monitoring system and therefore maintains responsibility for a criminal break in and related damages occurring at the flower shop on August 15, 2021. Plaintiff alleges the flower shop's single alarm sensor 30 feet from the doorway never activated and failed to notify ADT of the burglary, causing $1,060 in losses to her business. Based on these allegations, Plaintiff sued ADT on February 2, 2022, for breach of contract, breach of implied warranty, general negligence, intentional tort, strict products liability, and exemplary damages.

### B. ADT's Position

On November 4, 2022, ADT filed a motion to dismiss to address the viability or plausibility of the claims asserted by Plaintiffs in their Complaint. ADT's position with respect to Plaintiffs' claims are detailed in its motion, which the Court granted on November 23, 2022. Doc. 14. Therefore, ADT will not repeat the arguments made in the motion. ADT will respond with an additional pleading challenge should Plaintiff follow the Court's Order and file a First Amended Complaint by December 9, 2022. *See* Doc. 14.

## II. Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C §1332 because

---

[2] Though the Court's Order provided the "Joint 26(f) Report shall be drafted by plaintiff," ADT prepared this entire Report. During the Rule 26(f) Conference, representative for Plaintiff promised to provide a draft Report by December 5, 2022. Plaintiff never provided a draft report and failed to respond to follow up emails seeking a status update.

JOINT RULE 26(F) REPORT

4887-8557-2930

the amount in controversy exceeds $75,000, exclusive of interest and costs and because there is complete diversity of citizenship between Plaintiff and Defendant.

### III. Legal Issues

Potential legal issues include the following:

- Whether the Contract's risk allocation provision applies and bars the suit entirely.
- Whether the Contract's risk allocation provision applies and limits recoverable damages to $500.
- Whether ADT owed Plaintiff an independent, common law tort duty to manage, maintain, or monitor her alarm system.
- Whether ADT acted with requisite "desire" or "belief" necessary to sustain an intentional tort action under California law.
- Whether a breach of contract claim can support Plaintiff's punitive damages claim in excess of $100,000.  Monitoring systems constitute products or services.

### IV. Parties and Key Witnesses or Evidence

A. Parties

- Plaintiff Junita Castanon-Gamboa is a citizen of California Defendant
- ADT is a limited liability company, whose sole member is the ADT Security Corporation, a Delaware Corporation with its principal place of business in Boca Raton, Florida. Accordingly, the ADT Security Corporation is a citizen of Delaware and Florida.

B. Witnesses and Evidence

ADT's Statement:

Due to the general and unspecified allegations in support of the negligence, intentional tort, and products liability claims, ADT is unable to identify specific categories of documents in possession, custody or control likely to be used to support

3

its defense of these allegations. ADT reserves the right to amend, modify, or supplement this report as necessary and as additional information becomes known to it.

- All persons identified in Plaintiff's Rule 26(a)(1) disclosures.
- All persons with knowledge of the subject alarm system including Plaintiff's purchase, use, maintenance, and repairs to the system.
- All records and receipts supporting Plaintiff's alleged $1,060 in property damages and any evidence supporting exemplary damages.
- Police reports related to August 15, 2021, robbery at Plaintiff's flower shop.
- Any insurance records or claims by Plaintiff following the August 15, 2021, robbery.

**V.    Insurance**

A.    Plaintiff' Position

ADT is unaware of Plaintiff's insurance position.

B.    ADT's Position

ADT is self-insured in an amount sufficient to satisfy any reasonable judgment that might be rendered against it in this case.

**VI.    Discovery**

ADT is unaware of Plaintiff's discovery plan position because Plaintiff failed to contribute to this Rule 26(f) Report as promised during conference on November 30, 2022. ADT therefore proposes the following discovery schedule:

| Date | Event |
| --- | --- |
| 8/11/2023 | Fact Discovery Cut-Off |
| 9/15/2023 | Plaintiff's Expert Witness Disclosures |
| 11/17/2023 | Defendants' Expert Witness Disclosures |

4

| | |
|---|---|
| 1/17/2024 | Expert Discovery Cut-Off |
| 2/8/2024 | Deadline to File Motions for Summary Judgment |
| 4/5/2024 | Deadline to File *Daubert* Motions, Motions *in Limine*, and Other Pretrial Documents |
| 5/17/2024 | Pretrial Conference |
| 6/3/2024 | Trial |

## VII. Motions

A.   Plaintiff' Position

ADT is unaware of Plaintiff's position on additional motions, including whether Plaintiff plans on filing an Amended Complaint by the December 9, 2022, established by the Court.

B.   ADT's Position

At this time, ADT does not intend to file motions seeking to add other parties or claims, file amended pleadings, or transfer venue. As set forth above, ADT has filed a motion to dismiss (Doc. 8) which the Court granted November 23, 2022. In connection with any Amended Complaint, ADT may file additional dispositive motions.

## VII. Settlement/ Alternative Dispute Resolution

The Parties have engaged in settlement discussions, but they have not been productive.

Dated:  December 9, 2022        SHOOK, HARDY & BACON L.L.P.


By: */s/ Gabriel S. Spooner*
Gabriel S. Spooner
Attorney for Defendant ADT LLC

5